

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UPTOWN PRODUCE CONNECTION, INC., | ) ) ) |
| Plaintiff, | ) CIVIL ACTION ) |
| v. | ) **08CV3660** ) **JUDGE NORGLE** |
| TRI-COUNTY PRODUCE, INC. and ANGELO MARANO, DAVID MARANO, and PATRICIA MARANO, each individually, | ) **MAGISTRATE JUDGE NOLAN** ) ) ) |
| Defendants. | ) |

**FILED**
JUN 26 2008 TC
Jun 26, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### COMPLAINT

For its Complaint, the Plaintiff respectfully states as follows:

### THE PARTIES

1. Uptown Produce Connection, ("Plaintiff"), has offices in Deerfield, Illinois and operates its business under a valid United States Department of Agriculture issued PACA license.

2. The Plaintiff sells wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.

3. Defendants are:

   a. Tri-County Produce, Inc., an Illinois corporation, doing business in, *inter alia*, Elgin, Illinois (the "Company") and operates its business under a valid United States Department of Agriculture issued PACA license;

   b. Angelo Marano, individually ("A. Marano"), an officer or director or holder in a position to control the Company at all times relevant to this action;

   c. David Marano, individually ("D. Marano"), an officer or director or holder in a position to control the Company at all times relevant to this action; and

    d.  Patricia Marano, individually ("P. Marano"), an officer or director or holder in a position to control the Company at all times relevant to this action;

The Company, A. Marano, D. Marano and P. Marano shall herein be collectively referred to as the "Defendants."

  4.  Defendants are engaged in the business of purchasing and selling Produce in wholesale or jobbing quantities and, therefore, a "dealer" of Produce as defined by the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t (the "PACA"); and

  5.  Defendants are engaged in the business of negotiating sales and purchases of various perishable agricultural commodities in interstate or foreign commerce for or on behalf of a vendor or purchaser, and, therefore, a "broker" of Produce as defined by the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t (the "PACA").

## JURISDICTION AND VENUE

  6.  The District Court has jurisdiction over this civil action arising under § 5(c)(4) of the PACA, 7 U.S.C. § 499e(c)(4), pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a). The Court has *in rem* jurisdiction over the Plaintiff's claims pursuant to, *inter alia*, 28 U.S.C. § 1655.

  7.  Venue in this District is based on 28 U.S.C. § 1391(b)(1) because the Defendant's principal place of business is within this District and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

## FACTUAL ALLEGATIONS

8. Plaintiff sold to the Defendants, and the Defendants purchased from Plaintiff, Produce having an invoice value in the current total amount of $23,918.77 as set forth in the chart and invoices attached hereto and incorporated herein as <u>Exhibit A</u>.

9. The Company accepted each load of Produce which corresponds to the invoice number listed in Exhibit A.

10. The Company accepted each load of Produce stated in Exhibit A.

11. The Plaintiff issued to the Company, and the Company received, each of the invoices listed in Exhibit A.

12. The Plaintiff is an unpaid supplier or seller of Produce having sold Produce to the Defendants for which it remains unpaid.

13. The Company failed to deliver good funds to the Plaintiff in the amount set forth under "Trust Amount" in Exhibit A, despite repeated demands from the Plaintiff.

## COUNT I.

### ENFORCEMENT OF THE PACA TRUST
### 7 U.S.C. § 499e(c)

### COMPANY and PRINCIPALS

14. Plaintiff re-alleges paragraphs 1 through 13.

15. The Defendants are in possession, custody and control of all assets derived from the Company's sale of Produce (the "PACA Trust Assets") for the benefit of Plaintiff and other similarly-situated PACA trust beneficiaries.

16. The Defendants failed to deliver to Plaintiff sufficient funds from the PACA Trust Assets for all shipments of Produce as listed in Exhibit A.

17. The Defendants failed to preserve sufficient amounts of the PACA Trust Assets to fully satisfy all qualified PACA trust claims, such as the Plaintiff's unpaid claim asserted in this action.

18. As a direct result of the Defendants' failure to properly protect the PACA Trust Assets from dissipation, the Plaintiff suffered damages which are covered under the PACA trust in the current value of $23,918.77, plus further interest and all costs of collection, including attorneys' fees.

19. On information and belief, additional unknown and unpaid trust beneficiaries exist. As a result, Plaintiff further seeks the entry of an Order directing Defendants to immediately turn over to the Registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as Plaintiff herein, thereby creating a fund for the benefit of said trust beneficiaries.

## COUNT II.

### FOR VIOLATION OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT: FAILURE TO PAY PROMPTLY
7 U.S.C. § 499b(4)

### COMPANY and PRINCIPALS

20. Plaintiff re-alleges paragraphs 1 through 19.

21. The Defendants received the shipments of Produce referenced in paragraph 8 above.

22. The Defendants failed to pay the invoices within the applicable payment terms in effect between the parties at the time of the transaction.

23. As a direct result of the Defendants' failure to pay the invoices within terms, the Plaintiff has incurred damages in the current amount of $23,918.77, plus further interest and all costs of collection, including attorneys' fees.

## COUNT III.

### BREACH OF CONTRACT

### COMPANY

24. Plaintiff re-alleges paragraphs 1 through 23.

25. Plaintiff and the Company entered into contracts under which Plaintiff agreed to sell the Produce and the Company agreed to purchase the Produce, each of which are referenced in paragraph 8 above.

26. Plaintiff delivered conforming goods to the Company and has otherwise satisfied all conditions of the contracts.

27. The Company failed to pay for the shipments of Produce referenced in paragraph 8 above.

28. As a direct result of the Defendants' failure to pay for the shipments of Produce, the Plaintiff has incurred damages in the aggregated principal amount of $23,918.77, plus further interest and all costs of collection, including attorneys' fees.

## COUNT IV.

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

### PRINCIPALS

29. Intervening Plaintiff re-alleges paragraphs 1 through 28.

30. At all times relevant to this action, A. Marano was an officer or director of the Company and a person in charge of the Company's business undertakings.

31. At all times relevant to this action, D. Marano was an officer or director of the Company and a person in charge of the Company's business undertakings.

32. At all times relevant to this action, P. Marano was an officer or director of the Company and a person in charge of the Company's business undertakings.

33. At all times relevant to this action, A. Marano was a person engaged in the business of buying or selling Produce in interstate commerce in wholesale or jobbing quantities.

34. At all times relevant to this action, D. Marano was a person engaged in the business of buying or selling Produce in interstate commerce in wholesale or jobbing quantities.

35. At all times relevant to this action, P. Marano was a person engaged in the business of buying or selling Produce in interstate commerce in wholesale or jobbing quantities.

36. At all times relevant to this action, A. Marano controlled and managed the Company's operations and had control over the Company's financial dealings, including those involving the PACA Trust Assets.

37. At all times relevant to this action, D. Marano controlled and managed the Company's operations and had control over the Company's financial dealings, including those involving the PACA Trust Assets.

38. At all times relevant to this action, P. Marano controlled and managed the Company's operations and had control over the Company's financial dealings, including those involving the PACA Trust Assets.

39. At all times relevant to this action, A. Marano was in a position to control and manage the Company's operations and had the ability to control the Company's financial dealings, including those involving the PACA Trust Assets.

40. At all times relevant to this action, D. Marano was in a position to control and manage the Company's operations and had the ability to control the Company's financial dealings, including those involving the PACA Trust Assets.

41. At all times relevant to this action, P. Marano was in a position to control and manage the Company's operations and had the ability to control the Company's financial dealings, including those involving the PACA Trust Assets.

42. At all times relevant to this action, A. Marano had authority to direct the payment of the Company's operating funds and otherwise had the power to direct the application or disposition of the PACA Trust Asset.

43. At all times relevant to this action, D. Marano had authority to direct the payment of the Company's operating funds and otherwise had the power to direct the application or disposition of the PACA Trust Asset.

44. At all times relevant to this action, P. Marano had authority to direct the payment of the Company's operating funds and otherwise had the power to direct the application or disposition of the PACA Trust Asset.

45. At all times relevant to this action, A. Marano was an authorized signatory on the Company's bank account(s) and otherwise had the power to direct the application or disposition of the PACA Trust Assets.

46.  At all times relevant to this action, D. Marano was an authorized signatory on the Company's bank account(s) and otherwise had the power to direct the application or disposition of the PACA Trust Assets.

47.  At all times relevant to this action, P. Marano was an authorized signatory on the Company's bank account(s) and otherwise had the power to direct the application or disposition of the PACA Trust Assets.

48.  As an officer or director of the Company, A. Marano was a statutory trustee with a duty to safeguard the PACA Trust Assets and required to maintain the trust assets in such a manner as to ensure there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as those owed to the Plaintiff herein.

49.  As an officer or director of the Company, D. Marano was a statutory trustee with a duty to safeguard the PACA Trust Assets and required to maintain the trust assets in such a manner as to ensure there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as those owed to the Plaintiff herein.

50.  As an officer or director of the Company, P. Marano was a statutory trustee with a duty to safeguard the PACA Trust Assets and required to maintain the trust assets in such a manner as to ensure there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as those owed to the Plaintiff herein.

51.  Because A. Marano controlled and/or was in a position to controlled the Company, and the Plaintiff's invoices have not been paid from PACA trust assets as their bills fell due, A. Marano breached his fiduciary duties under the PACA trust.

52. Because D. Marano controlled and/or was in a position to controlled the Company, and the Plaintiff's invoices have not been paid from PACA trust assets as their bills fell due, D. Marano breached his fiduciary duties under the PACA trust.

53. Because P. Marano controlled and/or was in a position to controlled the Company, and the Plaintiff's invoices have not been paid from PACA trust assets as their bills fell due, P. Marano breached her fiduciary duties under the PACA trust.

54. A. Marano continues to hold any and all PACA Trust Assets having come into his individual possession as trustee for the Plaintiff's beneficial interest in the PACA trust.

55. D. Marano continues to hold any and all PACA Trust Assets having come into his individual possession as trustee for the Plaintiff's beneficial interest in the PACA trust.

56. D. Marano continues to hold any and all PACA Trust Assets having come into his individual possession as trustee for the Plaintiff's beneficial interest in the PACA trust.

57. A. Marano, D. Marano and P. Marano (collectively the "Principals") are personally liable to the Plaintiff, which liability is joint and several with the Company and any third parties having received any PACA trust assets with actual or constructive notice of the breach of the PACA Trust, for the dissipation of the PACA trust in the current aggregate amount of $23,918.77, plus further interest to be satisfied from the Principals' personal assets.

**WHEREFORE,** Plaintiff respectfully seek the entry of an Order providing as follows:

A) As to Count I: (i) entering an Order creating a common fund and/or otherwise compelling the preservation of the Company's PACA trust assets for the benefit of the Plaintiff and other similarly-situated PACA trust beneficiaries that properly join in the instant action, (ii) entering an Order directing the Defendants to immediately

turn over to the registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as Plaintiff, and; (iii) entering a Final Judgment in favor of Plaintiff and against the Defendants, jointly and severally, in the current amount of $23,918.77, plus further interest, less any actual recovery on other Counts herein.

B) As to Count II, entering a Final Judgment in favor of Plaintiff and against the Defendants, jointly and severally, in the current amount of $23,918.77, plus further interest, any actual recovery on other Counts herein.

C) As to Count III, entering a Final Judgment in favor of Plaintiff and against the Company for breach of contract in the current amount of $23,918.77, plus further interest, actual recovery on other Counts herein.

D) As to Count IV, entering a Final Judgment in favor of Plaintiff and against the Principals, on a joint and several basis with the Company, for a breach of their fiduciary duties to the PACA trust, in the current amount of $23,918.77, plus further interest, less any actual recovery on other Counts herein, and;

E) Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

DATE: June 25, 2008

Respectfully Submitted,

UPTOWN PRODUCE CONNECTION, INC.

By: _____
One of its Attorneys

Michael J. Keaton, Esq.
Illinois Bar No. 6207203
Jason R. Klinowski, Esq.
Illinois Bar. No. 6283266
KEATON & ASSOCIATES, P.C.
1278 W. Northwest Highway, Suite 903
Palatine, Illinois 60067
Telephone: (847) 934-6500
Facsimile: (847) 934-6508
Keaton@pacatrust.com
Klinowski@pacatrust.com

Sheet1

## PACA TRUST CHART

| Claimant: | Uptown Produce Connection, Inc. | Debtor: | Tri-County Produce, Inc. |
| --- | --- | --- | --- |
| Date: | 06/26/08 | Terms: | Net 10 plus fees and 5% interest per state statute |

| INVOICE NUMBER | DATE OF TRANSACTION | PAYMENT DUE | NOTICE DATE | ELAPSED DAYS | INVOICE AMOUNT | ACCRUED INTEREST* | TRANSACTION TOTAL | TRUST AMOUNT |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1788A | 11/28/07 | 12/08/07 | 11/28/07 | 0 | $ 4,457.50 | $ 158.37 | $ 4,615.87 | $ 4,615.87 |
| 1823A | 01/04/08 | 01/14/08 | 01/04/08 | 0 | $ 3,430.00 | $ 86.61 | $ 3,516.61 | $ 3,516.61 |
| 1852A | 02/01/08 | 02/11/08 | 02/01/08 | 0 | $ 3,602.50 | $ 72.59 | $ 3,675.09 | $ 3,675.09 |
| 1900B | 03/07/08 | 03/17/08 | 03/07/08 | 0 | $ 3,560.00 | $ 53.67 | $ 3,613.67 | $ 3,613.67 |
| 1930B | 04/08/08 | 04/18/08 | 04/08/08 | 0 | $ 2,145.00 | $ 21.50 | $ 2,166.50 | $ 2,166.50 |
| 1936D | 04/09/08 | 04/19/08 | 04/09/08 | 0 | $ 451.50 | $ 4.53 | $ 456.03 | $ 456.03 |
| ** Collection costs: | | | | | | | | $ 5,875.00 |
| | | | | | | | | |
| TOTALS: | | | | | $ 17,646.50 | $ 397.27 | $ 18,043.77 | $ 23,918.77 |

*Interest calculated through the date set forth above
**Collection costs calculated through the date set forth above


PLAINTIFF'S EXHIBIT A

# Invoice



**Uptown Produce Connection**
P.O. Box 1244
Deerfield, IL 60015

| Date | Invoice # |
|---|---|
| 11/28/2007 | 1788A |

**Bill To**
Tri-County Produce, Inc.
408 Brook St
Elgin, IL 60120

**Ship To**
Tri-County Produce, Inc.
408 Brook St
Elgin, IL 60120

| P.O. Number | Terms | Rep | Ship | Project | Truck |
|---|---|---|---|---|---|
| | Delivered | Dave | 11/28/2007 | 1788A | DOT |

| Quantity | Description | Price Each | Amount |
|---|---|---|---|
| 50 | 70 count Carton Potatoes, US1 | 14.25 | 712.50 |
| 50 | 80 count Carton Potatoes, US1 | 14.25 | 712.50 |
| 50 | 90 count Carton Potatoes, US1 | 13.75 | 687.50 |
| 20 | 100 count Carton Potatoes, US1 | 13.25 | 265.00 |
| 50 | 120 count Carton Potatoes, US1 Foil Wrap | 20.00 | 1,000.00 |
| 120 | 50# 10oz. Potatoes, US2 | 9.00 | 1,080.00 |

Thank you for your business.

**Total** $4,457.50

"The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5 (c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499 e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received." In the event collection becomes necessary, buyer agrees to pay all cost of collection, including attorney's fees and costs.

**Uptown Produce Connection**

P.O. Box 1244
Deerfield, IL 60015

# Invoice

| Date | Invoice # |
|---|---|
| 1/4/2008 | 1823A |

| Bill To | Ship To |
|---|---|
| Tri-County Produce, Inc.<br>408 Brook St<br>Elgin, IL 60120 | Tri-County Produce, Inc.<br>408 Brook St<br>Elgin, IL 60120 |

| P.O. Number | Terms | Rep | Ship | Project | Truck |
|---|---|---|---|---|---|
|  | Delivered | Dave | 1/4/2008 | 1823A | Butler |

| Quantity | Description | Price Each | Amount |
|---|---|---|---|
| 40 | 70 count Carton Potatoes, US1 | 14.00 | 560.00 |
| 40 | 80 count Carton Potatoes, US1 | 13.75 | 550.00 |
| 40 | 90 count Carton Potatoes, US1 | 13.00 | 520.00 |
| 20 | 100 count Carton Potatoes, US1 | 12.50 | 250.00 |
| 50 | 120 count Carton Potatoes, Foil Wrap | 19.00 | 950.00 |
| 80 | 50# 6oz Potatoes, US2 | 7.50 | 600.00 |

Thank you for your business.

**Total** $3,430.00

"The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5 (c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499 e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received." In the event collection becomes necessary, buyer agrees to pay all cost of collection, including attorney's fees and costs.



Uptown Produce Connection
P.O. Box 1244
Deerfield, IL 60015

# Invoice

| Date | Invoice # |
|---|---|
| 2/1/2008 | 1852B |

| Bill To | Ship To |
|---|---|
| Tri-County Produce, Inc.<br>408 Brook St<br>Elgin, IL 60120 | Tri-County Produce, Inc.<br>408 Brook St<br>Elgin, IL 60120 |

| P O Number | Terms | Rep | Ship | Project | Truck |
|---|---|---|---|---|---|
|  | Delivered | Dave | 2/1/2008 | 1852B |  |

| Quantity | Description | Price Each | Amount |
|---|---|---|---|
| 130 | 50# 10oz. Potatoes, US2 | 8.50 | 1,105.00 |
| 50 | 70 count Carton Potatoes, US1 | 14.75 | 737.50 |
| 20 | 80 count Carton Potatoes, US1 | 14.75 | 295.00 |
| 20 | 100 count Carton Potatoes, US1 | 13.25 | 265.00 |
| 60 | 120 count Carton Potatoes, US1 Foil Wrap | 20.00 | 1,200.00 |

Thank you for your business.

**Total**  $3,602.50

"The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5 (c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499 e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received." In the event collection becomes necessary, buyer agrees to pay all cost of collection, including attorney's fees and costs.



Uptown Produce Connection
P.O. Box 1244
Deerfield, IL 60015

# Invoice

| Date | Invoice # |
|---|---|
| 3/7/2008 | 1900B |

**Bill To**
Tri-County Produce, Inc.
408 Brook St
Elgin, IL  60120

**Ship To**
Tri-County Produce, Inc.
408 Brook St
Elgin, IL  60120

| P.O. Number | Terms | Rep | Ship | Project | Truck |
|---|---|---|---|---|---|
|  | Delivered | Dave | 3/7/2008 | 1900B | Wild |

| Quantity | Description | Price Each | Amount |
|---|---|---|---|
| 50 | 70 count Carton Potatoes, US1 | 15.00 | 750.00 |
| 50 | 90 count Carton Potatoes, US1 | 13.00 | 650.00 |
| 120 | 50# 10oz. Potatoes, US2 | 8.00 | 960.00 |
| 60 | 120 count Carton Potatoes, US1 Foil Wrap | 20.00 | 1,200.00 |

Thank you for your business.

**Total**  $3,560.00

"The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5 (c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499 e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received." In the event collection becomes necessary, buyer agrees to pay all cost of collection. including attorney's fees and costs.

06/25/2008 10:04 8472823578 UPTOWN PRODUCE PAGE 07/09



**Uptown Produce Connection**

P.O. Box 1244
Deerfield, IL 60015

# Invoice

| Date | Invoice # |
|---|---|
| 4/8/2008 | 1930B |

| Bill To | Ship To |
|---|---|
| Tri-County Produce, Inc.<br>408 Brook St<br>Elgin, IL 60120 | Tri-County Produce, Inc.<br>408 Brook St<br>Elgin, IL 60120 |

| P.O. Number | Terms | Rep | Ship | Project | Truck |
|---|---|---|---|---|---|
|  | Delivered | Dave | 4/8/2008 | 1930B | Valley Express |

| Quantity | Description | Price Each | Amount |
|---|---|---|---|
| 30 | 100 count Carton Potatoes, US1 | 12.50 | 375.00 |
| 40 | 90 count Carton Potatoes, US1 | 13.00 | 520.00 |
| 30 | 70 count Carton Potatoes, US1 | 15.00 | 450.00 |
| 100 | 50# 10oz. Potatoes, US2 | 8.00 | 800.00 |

Thank you for your business.

**Total**  $2,145.00

"The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5 (c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499 e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received." In the event collection becomes necessary, buyer agrees to pay all cost of collection, including attorney's fees and costs.



Uptown Produce Connection
P.O. Box 1244
Deerfield, IL 60015

# Invoice

| Date | Invoice # |
|---|---|
| 4/9/2008 | 1936D |

| Bill To | Ship To |
|---|---|
| Tri-County Produce, Inc.<br>408 Brook St<br>Elgin, IL 60120 | Tri-County Produce, Inc.<br>408 Brook St<br>Elgin, IL 60120 |

| P.O. Number | Terms | Rep | Ship | Project | Truck |
|---|---|---|---|---|---|
|  | Delivered | Dave | 4/9/2008 | 1936D |  |

| Quantity | Description | Price Each | Amount |
|---|---|---|---|
| 21 | 120 count Carton Potatoes, US1 foil wrap | 21.50 | 451.50 |

Thank you for your business.

**Total** $451.50

"The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5 (c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499 e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received." In the event collection becomes necessary, buyer agrees to pay all cost of collection, including attorney's fees and costs.