UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 2 6 2008 TC
Jun 26, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UPTOWN PRODUCE CONNECTION, INC., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | 08CV3660 |
| ) | JUDGE NORGLE |
| TRI-COUNTY PRODUCE, INC. and ) | MAGISTRATE JUDGE NOLAN |
| ANGELO MARANO, DAVID MARANO, ) | |
| and PATRICIA MARANO, each individually, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER

Uptown Produce Connection, Inc. ("Plaintiff") hereby moves this Honorable Court for entry of a Temporary Restraining Order ("TRO") pursuant to Rule 65(b) of the Federal Rules of Civil Procedure (the "Federal Rules") against the defendants, Tri-County Produce, Inc. (the "Company"), Angelo Marano, David Marano and Patricia Marano, each individually, (collectively the "Principals")(the Principals and the Company are collectively referred to herein as the "Defendants"). In support of its Application, the Plaintiff states as follows:

1. Plaintiffs base their request upon the Affidavit of David B. Block, the President of the Plaintiff, and Plaintiff's Memorandum of Law.

2. The proposed TRO attached to the Plaintiff's moving papers seeks to enjoin Defendants, their agents, employees, successors, banking institutions, attorneys, and all other persons in active concert or participation with them from using, consuming or otherwise dissipating assets impressed with an express statutory trust pursuant to § 499e(c)(3) of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t (2004 & Supp. 2006) (the "PACA") (hereinafter the "PACA Trust Assets"), or making payment of any PACA Trust Asset to any creditor, person, or

entity until further order of this Court or until the Defendants deposit into the Registry of this Court the sum of $23,918.77.

3. The proposed TRO also orders the Defendants to account to the Court and the Plaintiff's attorneys for all accounts payable, accounts receivable and all other assets held in the Defendants' names if, within three (3) business days after the entry of this Order, the Defendants have not deposited into the Registry of this Court the sum of $23,918.77, plus further interest, costs, and attorneys' fees.

4. Absent the relief requested in this Application, the Plaintiff will suffer immediate and irreparable injury, loss and damage because the Defendants will continue dissipating the Plaintiff's interest in the statutory trust until judgment can be granted on the merits and Plaintiff's right as a trust beneficiary are irrevocably lost when the trust *res* disappears.

5. No prior application for such relief has been made in this case.

Respectfully submitted,

UPTOWN PRODUCE CONNECTION, INC.

By: _____
One of Its Attorneys

Michael J. Keaton, Esq.
Illinois Bar No. 6207203
Jason R. Klinowski, Esq.
Illinois Bar. No. 6283266
KEATON & ASSOCIATES, P.C.
1278 W. Northwest Highway, Suite 903
Palatine, Illinois 60067
Tel: 847/934-6500
Counsel for the Plaintiff