UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

JUN 2 6 2008 TC
Jun 26, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UPTOWN PRODUCE CONNECTION, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRI-COUNTY PRODUCE, INC. and ) <br> ANGELO MARANO, DAVID MARANO, ) <br> and PATRICIA MARANO, each individually, ) <br> ) <br> Defendants. ) | CIVIL ACTION <br><br> Ca <br> **08CV3660** <br> **JUDGE NORGLE** <br> **MAGISTRATE JUDGE NOLAN** |

### ATTORNEY CERTIFICATE WHY NOTICE SHOULD NOT BE REQUIRED UNDER RULE 65(b)

The undersigned represents the plaintiff, Uptown Produce Connection, Inc. ("Plaintiff"), in this action to enforce the trust provisions of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t (2004 & Supp. 2006)(the "PACA"), specifically, § 499e(c), against the defendants, Tri-County Produce, Inc. (the "Company"), Angelo Marano, David Marano and Patricia Marano, each individually, (collectively the "Principals")(the Principals and the Company are collectively referred to herein as the "Defendants"). In connection with this Application, Counsel submits notice should not be required in this instance because notice will afford the Defendants an opportunity to further dissipate trust assets which federal law requires the Company to hold for the benefit of the Plaintiff, a qualified beneficiary of the PACA trust in the Defendants' custody and control.

While the Defendants are under a statutory duty to pay promptly for all perishable agricultural commodities ("Produce") from the proceeds of such Produce which are impressed with the express statutory trust under the PACA, the Defendants have demonstrated their inability to pay $23,918.77 of the Plaintiff's PACA trust claim despite repeated demands. As the Defendants are

currently in control of the PACA trust assets, any pre-injunction notice to the Defendants only affords the Defendants an opportunity to further dissipate the PACA trust assets by either "hiding" the remaining trust assets or disbursing the last remaining liquid assets to valid non-trust creditors, who can then claim a bona fide purchaser ("BFP") status. Once trust funds make their way into the hands of BFPs, it cuts off the trust rights of qualified trust beneficiaries such as the Plaintiff and the funds are forever lost to this and any other PACA trust beneficiaries.

In enacting the PACA, Congress expressly recognized the impossibility of recovering trust assets once the trust has been dissipated. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. See Strube Celery & Vegetable v. Global Foods, 2006 U.S. Dist. LEXIS 78330 *4 (S.D. IN 2006)(citing Tanimura & Antle v. Packed Fresh Produce, 222 F.3d 132, 139-140 (3rd Cir. 2000) ("the dissipation of PACA trust assets can render money damages inadequate") See also J.R. Brooks & Son v. Norman's Country Market, 98 B.R. 47 (Bankr. N.D Fla. 1989). Entry of a Temporary Restraining Order without notice is the only practical way to ensure the Defendants will have any ability to perform their statutory duty to preserve the PACA trust assets for the sole benefit of the PACA trust beneficiaries, such as the Plaintiff. In addition, this relief is necessary to maintain the status quo and prevent any further dissipation of the PACA trust assets pending a further hearing, which can be set at the Court's earliest opportunity.

**I declare, under penalty of perjury, as set forth in 28 U.S.C. § 1746, and to the best of my knowledge, the foregoing to be true and correct.**

_/s/ Jason R. Klinowski_
Jason R. Klinowski, Esq.