UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UPTOWN PRODUCE CONNECTION, INC., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | **08CV3660** |
| ) | **JUDGE NORGLE** |
| TRI-COUNTY PRODUCE, INC. and ) | **MAGISTRATE JUDGE NOLAN** |
| ANGELO MARANO, DAVID MARANO, ) | |
| and PATRICIA MARANO, each individually, ) | |
| ) | |
| Defendants. ) | |

## TEMPORARY RESTRAINING ORDER

Plaintiff's Application for the issuance of a Temporary Restraining Order under Federal Rules of Civil Procedure 65(b) (the "Application") came before this Court and the undersigned on the date set forth below. The Court considered the Application, the Affidavit of David P. Block and all related moving papers. The Plaintiff's Affidavit demonstrates defendants, Tri-County Produce, Inc. (the "Company"), Angelo Marano, David Marano and Patricia Marano, each individually, (collectively the "Principals")(the Principals and the Company are collectively referred to herein as the "Defendants"), purchased perishable agricultural commodities ("Produce") in interstate commerce and, thereafter, failed to pay the Plaintiff in violation of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t, as amended (2004 & Supp. 2006) (the "PACA").

These same pleadings and supporting documents establish that the Defendants have either dissipated the PACA trust or have presented a sufficient threat of dissipation of such trust to warrant the relief granted in this Order. On the basis of the pleadings, Affidavit and other submissions the Plaintiff filed in this matter, it appears to this Court that the Plaintiff will suffer immediate and irreparable injury due to the Defendants' dissipation of Plaintiff's beneficial interest in the statutory

trust created pursuant to 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief. The Court is of the opinion that a Temporary Restraining Order should be issued without notice thereof due to the threat of further dissipation that such notice might allow.

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. Defendants, Tri-County Produce, Inc., Angelo Marano, David Marano and Patricia Marano, each individually, and their respective agents, attorneys, officers, assigns, and any of their banking institutions must not pay, withdraw, transfer, assign or sell any and all existing PACA trust assets or otherwise dispose of corporate or personal assets to any creditors, persons or entities until further Order for this Court or until Defendants deposit into the Registry of this Court the current aggregate sum of $23,918.77.

2. Pending further orders of this Court, or until, such time as Defendants deposit into the Registry of this Court the current aggregate sum of $23,918.77, no banking institution holding funds for any Defendant shall pay, transfer or permit assignment or withdrawal of any existing PACA trust assets held on behalf of Defendants. Further, pending further order of this Court, or until such time as Defendants deposit into the Registry of this Court the sum of $23,918.77, no banking institution holding funds for any Defendant shall pay, transfer or permit assignment or withdrawal of the corporate or personal assets of any Defendants without this Court's express written approval.

3. If Defendants fail to deposit into the Registry of this Court the sum of $23,918.77 in full within three (3) business days of the entry of this Order, the Defendants must account to the Court and the Plaintiff's counsel for all accounts receivable, accounts payable, equipment, inventory and all other assets subject to the PACA trust and the regulations promulgated thereunder.

4. In furtherance of such an accounting, the Court hereby directs any banking

2

institution holding funds for any of the Defendants to turn over to Plaintiff's undersigned counsel any statements, signature cards and other documents relating to or regarding any of the Defendants' accounts at such banking institutions within five (5) days of receipt of this Order.

5. The Defendants, their agents, employees, successors, banking institutions, attorneys and all persons in active concert and participation with Defendants shall immediately turn over to the registry of the Court all assets impressed with the PACA trust.

6. This Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise. In this regard, within three (3) business days of the entry of this Order, the Defendants shall serve a copy of this Order on all financial institutions with which any of the Defendants does any business, may do any business with or who may be holding any PACA trust assets for or on behalf of any of the Defendants.

7. Because Defendants already possess $23,918.77 of PACA trust assets which are the Plaintiff's property, the bond in this matter is hereby set at $0.00.

8. A ~~Preliminary Injunction~~ Status Hearing is hereby set for July _1_, 2008 at _10:00_ A.M. in Courtroom _2341_ of the United States District Court for the Northern District of Illinois, in Chicago, Illinois.

9. Plaintiff, through its Counsel, shall serve a true and correct copy of this Order on all Defendants including their respective counsel, if known.

DATE: _6-26-08_                    ENTER:

                                   _____
                                   UNITED STATES DISTRICT JUDGE

3