**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UPTOWN PRODUCE CONNECTION, INC. <br> Plaintiff, <br> v. <br><br> TRI-COUNTY PRODUCE, INC., ANGELO MARANO; DAVID MARANO; and PATRICIA MARANO, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 08-cv-3660 <br> ) Judge Norgle <br> ) Magistrate Judge Nolan <br> ) <br> ) |

---

| | |
|---|---|
| STRUBE CELERY & VEGETABLE CO., <br> MICHAEL J. NAVILIO & SON, INC., <br> COOSEMANS CHICAGO, INC. <br><br> Intervening Plaintiffs, <br> v. <br><br> TRI-COUNTY PRODUCE, INC., ANGELO MARANO, DAVID MARANO, and PATRICIA MARANO, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Hearing: <br> ) Date: July 18, 2008 <br> ) Time: 10:30 am <br> ) Judge: Hon. Charles Norgle <br> ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
STRUBE CELERY & VEGETABLE CO., MICHAEL J. NAVILIO & SON,
INC. AND COOSEMANS CHICAGO, INC. FOR LEAVE TO INTERVENE
AS PLAINTIFFS UNDER RULE 24**

Strube Celery & Vegetable Co. ("Strube"), Michael J. Navilio & Son, Inc. ("Navilio"), and Coosemans Chicago, Inc. ("Coosemans"), move for leave to intervene as Plaintiffs in this action. In support of such Motion, Strube, Navilio, and Coosemans submit the following Memorandum of Law.

1

## I.     INTRODUCTION.

Strube, Navilio, and Coosemans (collectively, "Movants") submit their Complaint in Intervention against defendants, Tri-County Produce, Inc. (the "Company"), Angelo Marano, David Marano, and Patricia Marano, in their individual capacities, (together, the "Defendants") to enforce Strube, Navilio, and Coosemans' rights under the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. 499e(c)(4), as amended ("PACA"), wherein Defendants acted as statutory trustees of the PACA trust. Defendants breached their fiduciary duties thereunder by failing to maintain the PACA trust and failing to pay Strube, Navilio and Coosemans promptly for wholesale quantities of produce, and other sums due and owing with respect to the transactions, totaling $22,747.50 in violation of the PACA.

As this action was filed before Movants' cause of action, Strube, Navillio and Coosemans request leave to intervene as party Plaintiffs within this proceeding initiated by Uptown Produce Connection, Inc. ("Uptown"), in order to protect and preserve Intervening Plaintiffs' identical rights as trust claimants under PACA.

PACA provides for the establishment of a statutory trust in favor of all unpaid suppliers of perishable agricultural commodities. If the unpaid suppliers perfect their claims, then as qualified beneficiaries they are given the priority right to share in the corpus of the PACA trust. Strube and Navilio have perfected their PACA trust claims by placing statutorily required language on the face of all invoices sent to the Defendants. 7 U.S.C. 499(e)(c)(4). Copies of a representative sampling of the Strube unpaid invoices, which are voluminous, are attached to the proposed Complaint in Intervention as Exhibit A. All of Strube's invoices have the requisite statutory language to preserve trust rights.

Copies of a representative sampling of Navilio's unpaid invoices are attached to the proposed Complaint in Intervention as Exhibit B. All of Navilio's invoices have the requisite statutory language to preserve trust rights. Coosemans perfected its PACA trust claim by sending a written notice of intent to preserve trust benefits to the Defendants, a copy of which is attached to the proposed Complaint in Intervention as Exhibit C. 7 U.S.C. 499e(c)(3). Copies of a representative sampling of Coosemans unpaid invoices are attached to the proposed Complaint in Intervention as Exhibit D. Intervening Plaintiffs are qualified beneficiaries entitled to share in the PACA trust, have definitive interests in the trust res, and are entitled to intervene to protect their rights.

## II. ARGUMENT

### A. STRUBE, NAVILIO, AND COOSEMANS ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT PURSUANT TO FED.R.CIV.P. 24(a)(2).

Rule 24(a) of the Federal Rules of Civil Procedure provides:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. Fed.R.Civ.P. 24(a)(2).

Under general jurisprudence, intervention as of right under Rule 24(a)(2) has four requirements: (1) the application must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that disposition of the action may impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by existing parties. See Nissei Sangvo American, Ltd. v. United States, 31 F.3d 435, 438

3

(7th Cir. 1994); see also Texas v. U.S. Dept. of Energy, 754 F.2d 550 (5th Cir. 1985); see also Newport News Shipbuilding and Drydock Co. v. Peninsula Shipbuilder's Association, 646 F.2d 117 (4th Cir. 1981); Alameda Water & Sanitation District v. Browner, 9 F.3d 88 (10th Cir. 1993). As with all of the Federal Rules of Civil Procedure, Rule 24 is to be broadly and liberally construed in favor of applicants for intervention. See Reich v. ABC/York-Estes Corp., 64 F.3d 316, 321 (7th Cir. 1995); see also Washington State Bldg. & Const. Trades Council v. Spellman, 684 F.2d 627, 630 (9th Cir. 1982); see also Greene v. United States, 996 F.2d 973 (9th Cir. 1993). As set forth below, Strube, Navilio, and Coosemans herein meets all four of the above requirements for intervention as of right.

### 1. Intervening Plaintiffs' Motion Is Timely.

A motion for intervention, either permissively or as a matter of right, must be timely, but timeliness is not a word of precisely measurable dimensions and is, rather, to be determined from all circumstances within the sound discretion of the trial court. Jones v. Caddo Parish School Bd., 704 F.2d 206 (5th Cir. 1983). Four factors govern the determination of whether a request to intervene is timely: (1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) prejudice to the intervenor if the motion is denied; and (4) any other unusual circumstances. Sokaogon Chippewa Community v. E. Babbitt, 214 F.3d 941, 949 (7th Cir. 1990). In the instant case, Strube, Navilio, and Coosemans are acting in a timely fashion in an effort to promptly intervene and protect their rights. An analysis of the circumstances identified in Sokaogon supports this assertion. Strube, Navilio, and Coosemans seek to intervene for the purpose of enforcing their rights under

4

PACA as qualified beneficiaries of the statutory trust. The Plaintiff in this action has asserted similar claims of rights to the trust *res*. It is necessary for Strube, Navilio, and Coosemans to intervene in Plaintiff's action in order to ensure that they, too, receives their fair share of the trust *res*. Neither the Plaintiff nor the Defendants will be prejudiced by this intervention. In fact, neither the Plaintiffs nor the Defendants can be afforded full and final relief in this lawsuit in the absence of Strube, Navilio, and Coosemans. As perfected trust beneficiaries of Defendants, Plaintiff, Strube, Navilio, and Coosemans possess identical rights to payment under PACA, which shall be made on a pro-rata basis should sufficient assets not be available, as discussed more fully below. All the relevant circumstances point to the fact that Strube, Navilio, and Coosemans' Motion For Leave to Intervene is timely. Further, where as here, the motion is made as a matter of right, courts have held that the standard for determining timeliness is to be even more leniently applied. Stallworth v. Monsanto, 558 F.2d 257 (1 lth Cir. 1977); Diaz v. Southern Drilling Corp., 427 F.2d. 1118 (5th Cir. 1970), *cert. den*. 400 U.S. 878.

    **2.　Strube, Navilio and Coosemans Have An Interest In The Property Subject To This Action.**

Strube, Navilio and Coosemans also meet the second requirement for intervention as a matter of right in that each has an interest relating to the property which is the subject of the action. A sufficient interest has been held to exist when there is a readily identifiable fund in which applicants maintain a right to participate. Hardy-Latham v. Wellons, 415 F.2d 674 (4th Cir. 1968). It has also been held that intervention by a party whose only interest in the litigation is a lien on proceeds is proper at any time before final judgment. Lalic v. Chicago, B.&Q.R. Co., 263 F.Supp. 987 (D.C. Ill. 1967). As noted, Strube, Navilio and Coosemans assert an interest in the funds constituting the *res* of the

5

PACA trust. As qualified trust beneficiaries by virtue of compliance with the PACA notice requirements, Strube, Navilio, and Coosemans have the right to participate in the distribution of the *res*.

### 3. **Strube, Navilio, and Coosemans' Ability To Protect Their Interests Will Be Impaired Without Intervention.**

Strube, Navilio, and Coosemans meet the third requirement for intervention as a matter of right because disposition of this action without their intervention will impair or impede their ability to protect their interests. Strube, Navilio, and Coosemans are entitled to participate in an equitable pro-rata distribution with the current Plaintiff. The only way to ensure that Strube, Navilio, and Coosemans' PACA claims will be considered along with those of the current Plaintiffs is to permit Strube, Navilio and Coosemans' intervention. Given that defendants have defaulted on paying the rather nominal sum due to Coosemans, Movants have reason to believe that the remainder of the PACA trust *res* may be insufficient to satisfy their claims if Strube, Navilio, and Coosemans are not permitted to intervene.

### 4. **Strube, Navilio and Coosemans Will Not Be Adequately Represented By The Existing Parties.**

Finally, Strube, Navilio and Coosemans will not be adequately represented by existing parties. As set forth above, where the trust *res* may be insufficient to satisfy the claims of all qualified beneficiaries, PACA trust beneficiaries are entitled to an immediate pro-rata distribution of the trust fund. See In re Milton Poulos, Inc., 107 B.R. 715 (9th Cir. B.A.P. 1989); J.R. Brooks & Sons, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bankr. N.D. Fla. 1989); In re United Fruit and Produce, 86 B.R. 14 (Bankr. D. Conn. 1988). For this reason, the existing Plaintiff and Movants have adverse

6

interests. Assuming the trust *res* will not satisfy all the PACA creditors, Strube, Navilio, and Coosemans' interests are not being adequately represented at this time and will be prejudiced if Movants are not permitted to intervene.

Because all the requirements set forth in Nissei Sangvo American, Ltd, v. United States, *supra*, have been met, the instant Motion for Leave to Intervene as of right pursuant to Rule 24(a) is appropriate and should be granted.

> **B.    ALTERNATIVELY, STRUBE, NAVILIO, AND COOSEMANS SHOULD BE PERMITTED TO INTERVENE PURSUANT TO FED.R.CIV.P. 24(b).**

Rule 24(b) of the Federal Rules of Civil Procedure provides:

> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b)(2).

Alternatively, Strube, Navilio, and Coosemans request permission to intervene pursuant to Rule 24 (b)(2) because its claims and the main action have several questions of law and fact in common. It has been held that anyone may be permitted to intervene if common questions of law or fact exist, unless the Court, in its discretion, determines that the intervention would unduly delay or prejudice adjudication of the rights of the original parties. See Pierson v. U.S., 71 F.R.D. 75 (D.C. Del. 1976). The common question of law as to the claims of all PACA creditors involves entitlement to payment as qualified

trust beneficiaries. There will also be common questions of fact that can be determined in a single proceeding. For instance, the existing Plaintiff and Strube, Navilio, and Coosemans have an interest in tracing PACA trust assets which have wrongfully left the Company (*e.g.*, payments to insiders or to secured creditors) or which have taken on another form (*e.g.*, new equipment). Thus, the desire for judicial economy is furthered by intervention.

Under existing law, the PACA trust *res* "exists for the benefit of all unpaid produce sellers." Frio Ice S.A.v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990). Accordingly, the disposition of the present action will necessarily impede Strube, Navilio, and Coosemans' ability to protect their interests in the PACA trust *res* if it is not allowed to intervene.

Further, Plaintiff will not be unduly prejudiced by this intervention. Plaintiff's right to a pro-rata distribution will be adjudicated in due course. On the other hand, Movants will suffer prejudice if not allowed to intervene in this case.

### III.   CONCLUSION

Based upon the foregoing, Movants meet all the requirements for intervention as of right pursuant to Fed.R.Civ.P. 24(a). In the alternative, Strube, Navilio, and Coosemans submit they should be permitted to intervene under the provisions of Fed.R.Civ.P. 24(b) because there exist common questions of law and fact and no undue delay or prejudice to the original parties would result by virtue of such intervention.

WHEREFORE, Movants, Strube Celery & Vegetable Co., Michael J. Navilio & Son, Inc., and Coosemans Chicago, Inc. pray that leave be granted to file their Complaint in Intervention.

Dated this 14th day of July, 2008.

    McCARRON & DIESS                  LAW OFFICES OF WILLIAM B. KOHN

By: s/ Mary Jean Fassett              By: s/ William B. Kohn
   Mary Jean Fassett, ID#9078552        William B. Kohn, ARDC #6196142
   4900 Massachusetts Ave., N.W.         150 N. Wacker Drive
   Suite 310                                            Suite 1400
   Washington, DC 20016                 Chicago, Illinois 60606
   (202) 364-0400                            (312) 553-1200
   mjf@mccarronlaw.com                kohn@wbkohnlaw.com

                                                          Attorneys for Movants