UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UPTOWN PRODUCE CONNECTION, INC.   )  <br>                                          Plaintiff,  ) Case No. 08 –cv-3660<br>     v.                                                 )<br>                                                        ) Judge Norgle<br>TRI-COUNTY PRODUCE, INC., and    )<br>DAVID MARANO, ANGELO MARANO and )<br>PATRICIA MARANO individually,           )<br>                                        Defendants.  )<br>                                                        ) | |

**UNOPPOSED MOTION FOR REASSIGNMENT OF CASE BASED ON RELATEDNESS**

Olympic Wholesale Produce, Inc. ("Movant"), pursuant to Local Rule 40.4, moves the Court to find Olympic Wholesale Produce, Inc. v. Tri County Produce, Inc. et al., Case No. 08-cv-3813, currently pending before the Hon. Joan B. Gottschall related to the present case, and then reassign Case No. 08-cv-3813. In support of its Motion, Movant states as follows:

1.  The Complaint in the present case against Tri-County Produce, Inc. ("Tri-County"), David Marano, Angelo Marano and Patricia Marano was filed on June 26, 2008, stating claims for relief based on the Perishable Agricultural Commodities Act, 7 U.S.C. 499e(c) ("PACA"). Complaint in Case No. 08-cv-3660, Docket No. 1. Defendants were served on July 10, 2008, with Answers due on July 30, 2008. See, Affidavits of Service, Docket Nos. 13-16.

2.  A Temporary Restraining Order freezing the assets of the statutory trust created pursuant to PACA was issued in the present case and extended until August 19, 2008. Docket Nos. 10 and 29.

3.  The Complaint in Olympic filed against Tri County Produce, Inc.[1], David Marano, Angelo Marano and Patricia Marano on July 3, 2008, by Movant also has claims for relief against Defendants, which arose under or are based upon PACA. Pursuant thereto, Movant also asserts

rights in the assets which are, or will be, the subject of any orders entered in this Cause pursuant to 7 U.S.C. § 499e(c)(4) (the "PACA Trust"). Complaint in Case No. 08-cv-3813, Docket No. 1. Defendants were served on July 7, 2008, with Answers due on July 28, 2008. See, Summons Returned Executed, Docket Nos. 7-10.

4.   A Temporary Restraining Order freezing the assets of the same PACA trust was issued in Olympic, and extended until August 4, 2008. Docket Nos. 13 and 18.

5.   This Court has jurisdiction over this action under § 5(c)(4) of PACA, 7 U.S.C. § 499e(c)(4) thereby creating a federal question under 28 U.S.C. 1331. The Court has supplemental jurisdiction over Movant's claims pursuant to 28 U.S.C. § 1367(a).

6.   The cases are related because the Plaintiffs in both the present case and in Olympic, and any other unpaid supplier of produce, are potential beneficiaries of the same PACA trust and are required to share *pro rata* in the assets of the PACA trust. Both cases will adjudicate proper distribution of the same property.

7.   The cases share commons issues of fact and law. The courts will likely hear the same evidence regarding Defendants' business structure and individual Defendants' personal liability based on their positions of control within Tri-County Produce, Inc.

8.   Case No. 08-cv-3813 may be reassigned because both cases are pending before the U.S. District Court for the Northern District of Illinois.

9.   Further, the administration of justice would be best served by reassigning Olympic. Anything short of reassignment of Olympic would result in a duplication of efforts and waste judicial resources, as both cases will require a procedure to administer the PACA trust rights and

---

1 Tri County Produce, Inc. is an inadvertent misspelling taken from Tri-County's PACA license. Tri County Produce, Inc. and Tri-County are one and the same.

claims of all interested parties.

10. The present case has not progressed to the point where reassignment of Olympic would be likely to substantially delay the proceedings in the present case.

11. As all beneficiaries of the one PACA trust impressed upon the assets of Tri-County are required to share *pro rata* in those assets, it is preferable to have only one case determining the administration of the PACA trust assets.

12. Movant's counsel conferred with Plaintiff's counsel and Intervening Plaintiffs' counsels, and there are no objects to reassignment.

13. Defendants request this Honorable Court rule or otherwise hold a hearing quickly in order avoid a further duplication of, and/or conflicting, injunctive relief and claims procedures from being entered.

WHEREFORE, Movant requests that the Court find Olympic Wholesale Produce, Inc. v. Tri County Produce, Inc. et al., Case No. 08-cv-3813 related to Case No. 08-cv-3660, reassign Case No. 08-cv-3813 pursuant to Local Rule 40.4, and vacate the Temporary Restraining Order issued in Case No. 08-cv-3813, as substantially duplicative.

> Respectfully submitted,
>
> OLYMPIC WHOLESALE PRODUCE, INC.
>
> By: s/ Gretchen Wehrenberg Stewart
>       One of Its Attorneys
>
> Gretchen Wehrenberg Stewart, Esq.
> ADELMAN LAW OFFICES, P.C.
> Attorneys for Plaintiff
> 1901 N. Roselle Road, Suite 800
> Schaumburg, IL 60195
> Tel: 847/301-4341
> stewart@pacaenforcer.com

3