UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UPTOWN PRODUCE CONNECTION, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRI-COUNTY PRODUCE, INC. and ) <br> ANGELO MARANO, DAVID MARANO, ) <br> and PATRICIA MARANO, each individually, ) <br> ) <br> Defendants. ) <br> ------------------------------------------------- ) <br> STRUBE CELERY & VEGETABLE ) <br> COMPANY, MICHAEL J. NAVILO & SON, ) <br> INC. and COOSEMANS CHICAGO, INC., ) <br> ) <br> Intervening -Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TRI-COUNTY PRODUCE, INC. and ) <br> ANGELO MARANO, DAVID MARANO, ) <br> and PATRICIA MARANO, each individually, ) <br> ) <br> Defendants. ) <br> ------------------------------------------------- ) <br> ANTHONY MARANO COMPANY, ) <br> ) <br> Intervening -Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRI-COUNTY PRODUCE, INC. and ) <br> ANGELO MARANO, DAVID MARANO, ) <br> and PATRICIA MARANO, each individually, ) <br> ) <br> Defendants. ) | CIVIL ACTION <br><br> Case No. 08-CV-3660 <br> Honorable Judge Charles R. Norgle |

**JOINT OPPOSITION TO OLYMPIC WHOLESALE PRODUCE, INC.'S MOTION FOR
<u>REASSIGNMENT OF CASE BASED ON RELATEDNESS</u>**

Uptown Produce Connection, Inc. ("Plaintiff"), and Strube Celery & Vegetable Company, Michael J. Navilo & Son, Inc. and Coosemans Chicago, Inc., ("Intervening Plaintiffs")(Plaintiff and Intervening Plaintiffs collectively the "Objecting Plaintiffs") for their Joint Opposition to Olympic Wholesale Produce, Inc.'s ("Olympic") Unopposed Motion for Reassignment of Case Based on Relatedness (the "Motion") (Doc. # 32) respectfully object as follows:

## **LEGAL FRAMEWORK**

Congress enacted the PACA in 1930 to provide a comprehensive scheme for the regulation of traders of Produce by giving rise to civil liabilities in favor of the unpaid seller against buyers who fail to make full payment promptly. 7 U.S.C. § 499e(a); In re Carpenito Bros., 46 Agric. Dec. 486 (1987), *aff'd* 851 F.2d 1500 (D.C. Cir. 1988); Endico Potatoes v. CIT/Factoring, 67 F.3d 1063, 1066-67 (2nd Cir. 1995)(discussing the history and purpose of the PACA). Congress amended the PACA in 1984 to provide further protection to sellers of produce and to establish an express, non-segregated "floating" statutory trust in which a produce buyer as trustee holds its produce-related assets in trust as a fiduciary until full payment is made to the unpaid seller/trust beneficiary. 7 U.S.C. § 499e(c); Frio Ice S.A. v. Sunfruit, Inc., 918 F.2d 154, 156 (11th Cir. 1990). Once delivery of the Produce has occurred, failure of the buyer (as trustee) to maintain trust assets sufficient to make full payment promptly to the trust beneficiaries is unlawful. 7 U.S.C. § 499b(4).

The principal benefit of the trust for a Produce seller is when a buyer fails to pay or becomes insolvent, the seller is placed first in line among creditors to receive the trust *res* which consists of all assets of the Debtor unless and until the Debtor proves a particular asset was acquired with something other than the proceeds of the Debtor's dealings in Produce. Frio Ice, 918 F.2d at 156. See also In re Monterey House, Inc., 71 B.R. 244, 249 (Bankr. S.D. Tex. 1986). The PACA trust *res* serves as a fund from which **all** unpaid Produce sellers can be assured payment. By operation of

trust law, while a buyer of Produce has legal title to the PACA trust res, equitable title remains with the Produce sellers.

## OBJECTIONS

1. Olympic misrepresented the "Unopposed" nature of its Motion to this Honorable Court. Specifically, on or about July 14, 2008 counsel for Olympic contacted counsel for both the Plaintiff and the Intervening Plaintiffs to solicit objections to its efforts to **consolidate** its July 3, 2008 case into the above captioned civil action. To this end, counsel for the Plaintiff responded in writing that it did not object to Olympic's efforts to consolidate its after-filed case into the instant case. A true and accurate copy of the e-mail exchange between counsel for Olympic and Plaintiff's counsel is attached hereto as <u>Exhibit A</u>.

2. Notwithstanding the parties consent to Olympic's efforts to **consolidate** its July 3, 2008 case into the instant civil action, Olympic elected not to consolidate, but rather to move this Honorable Court simply to **reassign** its after-filed case to this Honorable Court's docket. Deceptively, Olympic's Motion, which counsel signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, represented to this Honorable Court that the Motion was unopposed when said counsel knew reassignment was never discussed with the Objecting Plaintiffs and counsel for Olympic should have known the same would be opposed.

3. The Objecting Plaintiffs will be prejudiced if this Honorable Court grants Olympic's Motion because: (i) Olympic's entire after-filed action is duplicative in nature and, as such, the TRO entered therein prevents the parties to the instant action from resolving or otherwise settling the instant case without involving non-parties; (ii) the PACA requires all of the Defendants' PACA trust beneficiaries, who hold a valid PACA trust claim, to share *pro rata* in the assets of the PACA trust, and; (iii) this Honorable Court cannot grant the PACA trust beneficiaries the relief Congress

envisioned if the Orders entered herein do not apply to all the PACA trust beneficiaries. Under the PACA, **all** potential claimants are entitled to share in the PACA trust *res* and the trust assets cannot be reserved for one beneficiary to the detriment of others. See, e.g., In re Milton Poulos, Inc., 947 F.2d 1351 (9th Cir. 1991); In re Norman's Country Market, 98 B.R. 47, 51 (Bankr. N.D. Fla. 1989); Finest Fruits v. Korean Produce Corp., 1988 WL 96028 (S.D.N.Y. 1988).

4. As further evidence of the prejudice Plaintiff has suffered as a result of Olympic's failure to disclose the above captioned civil action as a related case from the outset of its litigation, the Debtor's Bank - National City - has failed to comply with the provisions of the Plaintiff's TRO because to do so would violate the duplicative TRO entered in Olympic's after-filed case. Furthermore, Olympic's lack of candor to this Honorable Court and its failure to disclose the instant related case has forced Plaintiff to incur needless legal fees aimed at compelling National City to comply with the Orders of this Honorable Court.

5. Olympic's Motion failed to comply with Local Rule 40.4 in that said Motion failed to include a copy of the complaint or other relevant pleading from the higher-numbered case that is the subject of the Motion. As such, the parties to the above captioned civil action have no means of assessing whether Olympic is the holder of a perfected and otherwise valid PACA trust claim. Importantly, only holders of valid PACA trust claims are entitled to share pro rata in the PACA trust.

6. Olympic's Motion failed to comply with Local Rule 40.4 in that said Motion was filed prior to the expiration of the Defendants' time to Answer or otherwise plead, which presumably will deny the Defendants the ability to respond to said Motion.

WHEREFORE, the Objecting Plaintiffs respectfully request this Honorable Court enter an Order: (i) striking Olympic's Motion; (ii) awarding the Objecting Plaintiffs' costs and reasonable attorneys' fees, as determined by the Court, related to their opposition of Olympic's Motion,

including but not limited to their efforts to enforce Plaintiff's TRO against National City Bank, and;

(iii) for such other and further relief as this Honorable Court deems appropriate upon consideration of the matter.

Respectfully submitted,

UPTOWN PRODUCE CONNECTION, INC.

By: /s/ Jason R. Klinowski, Esq.
      One of Its Attorneys

Michael J. Keaton, Esq.
Illinois Bar No. 6207203
Jason R. Klinowski, Esq.
Illinois Bar. No. 6283266
KEATON & ASSOCIATES, P.C.
1278 W. Northwest Highway, Suite 903
Palatine, Illinois 60067
Tel: 847/934-6500
Counsel for the Plaintiff

Respectfully submitted,

STRUBE CELERY & VEGETABLE CO.,
MICHAEL J. NAVILO & SON, INC. and
COOSEMANS CHICAGO, INC.,

By: /s/ Mary Jean Fassett, Esq.
      One of Their Attorneys

Mary Jean Fassett, Esq., ID#9078552
MCCARRON & DIESS
4900 Massachusetts Ave. N.W., Suite 18
Washington, D.C. 20016
Tel: 202/364-0400
Counsel for Intervening Plaintiffs

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the forgoing, together with any and all exhibits thereto, if any, has been served upon all counsel of record properly registered with the Court's ECF system this 21st day of July 2008 and further served, via fax and/or first class mail with proper postage prepaid, upon the following recipients:

TRI-COUNTY PRODUCE, INC.
408 Brook Street
Elgin, IL 60120

ANGELO MARANO
199 Bayview Road
Elgin, Illinois 60123

DAVID MARANO
537 Blue Ridge Ct.
Elgin, Illinois 60123

PATRICIA MARANO
199 Bayview Road
Elgin, Illinois 60123

OLYMPIC WHOLESALE PRODUCE, INC.
c/o Gretchen W. Stewart, Esq.
1901 N. Roselle Road, Suite 800
Schaumburg, Illinois 60195

Respectfully submitted,

UPTOWN PRODUCE CONNECTION, INC.


By: /s/ Jason R. Klinowski, Esq.
       One of Its Attorneys

Michael J. Keaton, Esq.
Illinois Bar No. 6207203
Jason R. Klinowski, Esq.
Illinois Bar. No. 6283266
KEATON & ASSOCIATES, P.C.
1278 W. Northwest Highway, Suite 903
Palatine, Illinois 60067
Tel: 847/934-6500
Counsel for the Plaintiff

**Jason R. Klinowski, Esq.**

| | |
|---|---|
| **From:** | "Jason R. Klinowski, Esq." <klinowski@pacatrust.com> |
| **To:** | "Gretchen Stewart" <stewart@pacaenforcer.com> |
| **Cc:** | "Mary Jean Fassett" <mjf@mccarronlaw.com>; "Michael Keaton" <Keaton@pacatrust.com> |
| **Sent:** | Monday, July 14, 2008 3:18 PM |
| **Subject:** | Tri-County Produce |

Gretchen,

As per our conversation this morning, please accept this e-mail as written confirmation that Uptown Produce has <u>no</u> objection to you filing a motion to consolidate your later filed civil action against Tri-County produce into 1:08-cv-3660; however, the foregoing consent is expressly contingent upon your Motion to Consolidate closing your later filed case and dissolving the duplicative TRO.

Please further note that McCarron & Diess filed their Unopposed Motion to Intervene into 1:08-cv-3660 this morning.

Thanks,

Jason R. Klinowski, Esq.
Counsel for Uptown Produce

> ----- Original Message -----
> **From:** Gretchen Stewart
> **To:** Jason Klinowski
> **Sent:** Monday, July 14, 2008 3:05 PM
> **Subject:** Tri-County
>
> Jason,
>
> Please send me written confirmation that you have no objections to consolidating our case into yours.
>
> Thanks, Gretchen
>
> Gretchen Wehrenberg Stewart, Esq.
> ADELMAN LAW OFFICES, P.C.
> 1901 N. Roselle Rd., Ste. 800
> Schaumburg, IL 60195
> Tel.: 847/301-4341



PLAINTIFF'S EXHIBIT A

7/18/2008

Fax: 847/301-4342
stewart@pacaenforcer.com

7/18/2008